UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MELEIKA, | : |
| Plaintiff, | : Civil Action No. 17-1960 (KM) (MAH) |
| v. | : |
| HUDSON COUNTY CORRECTIONAL CENTER, and STATE OF NEW JERSEY, | : REPORT AND RECOMMENDATION |
| Defendants. | : |

**HAMMER, United States Magistrate Judge**

**THIS MATTER** comes before the Court by way of an Order to Show Cause that this Court issued on June 29, 2020, D.E. 57, which required Plaintiff to explain his failure to appear at a June 29, 2020 conference, and to advise the Court whether he intended to proceed with this litigation. The Court has afforded Plaintiff multiple opportunities to respond to the Order. *See* Order, Nov. 26, 2020, D.E. 59; Order, Jan. 7, 2021, D.E. 60; Order, Jan. 25 2021, D.E. 63; Order, May 25, 2021 January 25, 2021, D.E. 63; Order, May 5, 2021, D.E. 64. However, Plaintiff has failed to comply. Plaintiff also failed to appear for telephone status conferences on June 29, 2020 and February 15, 2022. Plaintiff's repeated failures to comply with Court Orders, and to appear for conferences, compel the Undersigned to respectfully recommend that the District Court dismiss the Complaint with prejudice.

    **I.**     **BACKGROUND**

Plaintiff initiated this action on March 22, 2017, by filing a Complaint that alleged violations of his civil rights against Defendants Hudson County Correctional Center and the State

of New Jersey.[1]  Compl., D.E. 1, at pp. 5-7.  The Court entered a Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16 on September 20, 2017.  Pretrial Scheduling Order, Sept. 20, 2017, D.E. 14.  The Pretrial Scheduling Order instructed the parties to serve written discovery "on or before November 20, 2017, to be responded to within thirty (30) days of receipt." *Id.* at ¶ 4.  Plaintiff repeatedly failed to comply with his obligations concerning discovery, and Orders directing him to produce discovery, notwithstanding multiple extensions of the deadline for him to do so.  *See* Amended Scheduling Order, Aug. 31, 2018, D.E. 17, at ¶ 2; Order, Aug. 5, 2019, D.E. 29, at p. 2; Amended Scheduling Order, Sept. 13, 2019, D.E. 38, at ¶ 1; Order, Jan. 27, 2020, D.E. 47, at ¶¶ 1-7.  As of this writing, Plaintiff appears still to have failed to discharge his written-discovery obligations.

Plaintiff's failures to appear for telephone conferences and comply with Orders of this Court are well documented and numerous.  By Order filed May 13, 2020, the Undersigned scheduled a telephone status conference for June 29, 2020.  Text Order, May 13, 2020, D.E. 54.  Notwithstanding the forty-seven-day advance notice, Plaintiff failed to appear for the June 29, 2020 conference.  The Undersigned thereafter entered an Order to Show Cause requiring Plaintiff to "submit a letter to the Court explaining his failure to appear for the telephone conference, and advising the Court as to whether he intends to proceed with this litigation."  Text Order, June 29, 2020, D.E. 57.  Plaintiff filed a submission on July 13, 2020, but it did not respond to the Court's June 29, 2020 Order.  Letter from Plaintiff, July 13, 2020, D.E. 58.  That letter simply listed Plaintiff's claimed damages.  *Id.*  On November 16, 2020, the Court, in the interests of fairness and notwithstanding Plaintiff's failure to respond to the June 29, 2020 Order, allowed Plaintiff

---

[1] Defendant the State of New Jersey has not entered an appearance in this matter.  Any reference to "Defendant" refers solely to Defendant Hudson County Correctional Center.

until November 30, 2020 to indicate whether he intended to proceed with his litigation. Text Order, Nov. 16, 2020, D.E. 59. Also, to ensure Plaintiff received the Court's Orders, the Court required defense counsel to serve a copy of the Court's June 29, 2020 and November 16, 2020 Orders on Plaintiff, and file a certification attesting to service by November 20, 2020. *Id.* When Defendant failed to file the required certification, the Court granted Plaintiff additional time to comply with the November 16, 2020 Order. Text Order, Jan. 7, 2021, D.E. 60. Plaintiff was required to "by January 31, 2021 . . . file a letter that: (1) shows good cause for his failure to appear for the June 29, 2020 conference; (2) sets forth whether Plaintiff intends to proceed with this litigation; (3) if Plaintiff intends to proceed with this litigation, set forth what, if any, discovery he still intends to take in this matter and [a] specific timeframe for its completion." *Id.* Defendant was instructed to serve a copy of the Court's January 7, 2021, November 16, 2020, and June 29, 2020 Orders on Plaintiff, and file a certification attesting to compliance. *Id.* Defense counsel filed the certification of service on January 13, 2021. Certification of Defense Counsel, Jan. 13, 2021, D.E. 61.

Plaintiff filed a submission on January 21, 2021 that did not respond to the Court's January 7, 2021 Order. Letter from Plaintiff, Jan. 21, 2021, D.E. 62. In fact, it is difficult to tell the purpose of Plaintiff's letter in terms of advancing this litigation. In any event, on January 25, 2021, the Court afforded Plaintiff still another opportunity to respond to the Court's Orders. Text Order, Jan. 25, 2021, D.E. 63 (reminding Plaintiff of obligation to respond to January 7, 2021 Order). The Court also warned Plaintiff that "failure to comply will result in the issuance of a Report and Recommendation that the District Court dismiss this action for Plaintiff's failure to prosecute it." *Id.* Plaintiff did not respond.

On May 5, 2021, the Court entered an Order directing Defense counsel to provide Plaintiff a copy of the docket and file proof of service within seven days, in order to ensure Plaintiff was receiving copies of the Court's Orders. Text Order, May 5, 2021, D.E. 64. The May 5, 2021 Order also instructed Plaintiff to show cause in writing why the Complaint should not be dismissed within twenty-one days of the date of service of the docket. *Id.* Defense counsel filed proof of service on June 3, 2021. Letter from Defendant's Counsel, June 3, 2021, D.E. 66.

Plaintiff did not respond to the Order within the twenty-one days allowed in the May 5, 2021 Order, which would have been June 24, 2021. In fact, the Undersigned did not receive any submissions from Plaintiff until September 20, 2021. Letter from Plaintiff, Sept. 20, 2021, D.E. 67. But the letter that Plaintiff filed on September 20, 2021 did not respond to any of the Orders. Plaintiff also submitted a letter on December 23, 2021. Letter from Plaintiff, Dec. 23, 2021, D.E. 68. In that letter, Plaintiff stated he had been "incarcerated for 180 days" at an unidentified jail. *Id.* Plaintiff asked that this case be reopened, notwithstanding the matter's active status. *Id.* In response, the Court scheduled a telephone conference for February 15, 2022. However, Plaintiff failed to appear.

## II.  DISCUSSION

### A.  Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the United States Court

of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

The Third Circuit has further held that "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). In this case, Plaintiffs' failure to comply with Court Orders or to communicate to the Court his intention to proceed against the Hudson County Correctional Center since June 2020 has essentially brought this matter to a standstill. Out of an abundance of caution, the Undersigned nonetheless considers the *Poulis* factors.

### B. Consideration of the *Poulis* Factors

#### i. The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to respond to the Orders of this Court requiring him to provide discovery, to attend telephone status conferences, and to otherwise move this matter to conclusion. Plaintiff's failure to comply with the Court's Orders, beginning with the August 5, 2019 Order for Plaintiff to respond to Defendant's discovery requests, to the June 29, 2020 Order to Show Cause, and ending with the May 5, 2021 Order, is manifest. Plaintiff's sporadic, perfunctory communications with the Court do not explain his continued non-compliance. Plaintiff's letter filed December 23, 2021 reported that he had been incarcerated for a period of 180 days; presumably from May 2021 to November 2021. D.E. 68. However, Plaintiff's incarceration does not explain his failure to serve complete responses to Defendant's written

discovery requests before the February 24, 2020 deadline (or at some point thereafter), Plaintiff's failure to respond to the Court's Orders entered in November 2020 and January 2021, or Plaintiff's failure to respond to the Order to Show Cause and other orders after Plaintiff was released. Nor does Plaintiff's incarceration explain his failures to appear for the June 29, 2020 and February 15, 2022 telephone status conferences.

The Court recognizes that Plaintiff, as a *pro se* litigant, is not represented by counsel and may encounter difficulties that a represented party would not face. Plaintiff nevertheless remains solely responsible for prosecuting his case, *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted), and is "directly responsible for h[is] actions and inaction in the litigation," *Clarke v. Nicholson*, 153 F. App'x. 69, 73 (3d Cir. 2005). The record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue. To the contrary, Plaintiff has been given several opportunities to re-engage in this matter and has failed to take basic action necessary to do so. The Undersigned can conclude only that Plaintiff does not intend to further litigate his claims and has functionally abandoned the litigation. The first *Poulis* factor therefore weighs heavily in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm. *Clarke*, 153 F App'x at 73. Prejudice may exist where, as here, a litigant is deprived of information necessary to prepare for trial because of an adversary's failure to comply with discovery, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003), or a party has apparently abandoned their claims, *see, e.g.*, *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011).

In this case, the Complaint alleges that Plaintiff was attacked by another inmate on September 3, 2015, while Plaintiff was in the protective custody of the Hudson County Correctional Center. Compl., D.E. 1, at p. 6. More than six years have passed since the underlying events occurred, and five years since the inception of this litigation. According to Defendant, Plaintiff has not given complete answers to interrogatories seeking an explanation of who struck Plaintiff, the identity of the alleged assailant, and other pertinent information, notwithstanding the Court's instructions to do so. *See* Order, Jan. 27, 2020, D.E. 47, at ¶ 1. Plaintiff's ongoing defiance of the Court's discovery orders has undoubtedly prejudiced Defendant by hampering Defendant's ability to prepare a defense. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) (noting "[e]xamples of prejudice include the irretrievable loss of evidence [and] the inevitable dimming of witnesses' memories"). Defendant has also been deprived of anything resembling a speedy resolution of this matter due to Plaintiff's failure to attend conferences and contact the Court concerning his intentions. *See Palmer v. Rustin*, Civ. No. 10-00042, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) (remarking defendants suffer prejudice when a case is allowed to "linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff"). This factor therefore weighs in favor of dismissal.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868.

The record establishes there has been a history of dilatoriness in this action. Plaintiff, as a *pro se* litigant "is allowed leeway in procedural matters," but has disregarded several of the Court's Orders designed to establish whether Plaintiff intends to proceed with this matter, and to move the proceedings toward conclusion. *Alexe v. Lucent Techs., Inc.*, Civ. No. 07-453, 2007 WL 3026864, at *3 (D.N.J. Oct. 17, 2007). As detailed above, Plaintiff has failed to appear at telephone status conferences, to respond to the Undersigned's Order to Show Cause, and to comply with the Court's orders concerning discovery, notwithstanding multiple extensions and opportunities to do so. Plaintiff's idleness warrants dismissal of the action under the third *Poulis* factor.

The Undersigned nevertheless cannot attribute Plaintiff's conduct to bad faith. There is no evidence that Plaintiff's inaction was willful, or done with the intent of delaying this matter to gain a litigation advantage. "Because the Court is unable to determine whether Plaintiff's conduct is intentional, as opposed to negligent, the fourth *Poulis* factor is neutral." *Charles v. Keurig Dr Pepper Inc.*, Civ. No. 19-08857, 2020 WL 6946886, at *3 (D.N.J. Nov. 25, 2020).

### iv. Alternative Sanctions

The fourth *Pouils* factor weighs in favor of dismissal for two reasons. First, Plaintiff's failure to comply with the Court's Orders, or express his inability to do so, strongly suggests Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, at *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when a plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, the Court has no reason to believe that the imposition of a fine or attorneys' fees would spur Plaintiff to reengage and actively litigate his claims.

      **v.**      **Meritoriousness of the Claim or Defense**

The final *Poulis* factor requires the Court to consider the merits of Plaintiff's claims and Defendant's defenses. However, this factor cannot be adequately addressed due to Plaintiff's failure to comply with Court orders and to appear on February 15, 2022. *Porten*, 2011 WL 2038742, at *3. The Court therefore finds this factor is neutral.

### III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs decisively in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

                                                s/ Michael A. Hammer
                                                Hon Michael A. Hammer,
                                                **United States Magistrate Judge**

Dated: March 31, 2022